# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3242

_____

United States of America,　　　　　　*
　　　　　　　　　　　　　　　　　　*
　　　　　Appellee,　　　　　　　　　*　Appeal from the United States
　　　　　　　　　　　　　　　　　　*　District Court for the District
　　v.　　　　　　　　　　　　　　　*　of Minnesota.
　　　　　　　　　　　　　　　　　　*
Jeffery J. Thigpen,　　　　　　　　*　　　　[UNPUBLISHED]
　　　　　　　　　　　　　　　　　　*
　　　　　Appellant.　　　　　　　　*

_____

Submitted:　November 18, 2003

Filed:　January 16, 2004

_____

Before MURPHY, LAY, and FAGG, Circuit Judges.

_____

PER CURIAM.

A 54-count indictment charged Jeffery J. Thigpen with making false statements relating to health care matters, health care fraud, and money laundering. The Government brought the charges after an investigation revealed Thigpen sought reimbursement from Medicaid for transportation services allegedly provided by his company, New Life Transportation, and some of the billed services had not been provided. A jury convicted Thigpen of 41 of the counts, and the district court[*]

_____

[*]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

sentenced him to 51 months confinement followed by three years of supervised release, and ordered him to pay a $4,100 assessment and restitution of $412,438.41. Thigpen appeals his money-laundering convictions under 18 U.S.C. § 1956(a)(1)(A)(i), arguing the government failed to prove the proceeds of the unlawful activity were used to further his unlawful scheme. Rather, Thigpen argues he paid his drivers' salaries and his company's rent from an account into which he had deposited tainted and untainted funds. According to Thigpen's appeal brief, during the time he received $800,000 from his fraudulent scheme, he received over $200,000 from legitimate business operations, and he was convicted of laundering or "reinvesting" some $4,195, an amount that could have been paid out of lawfully obtained funds. (Appellant's Br. at 8-9, 13-14.)

To sustain a conviction under section 1956(a)(1)(A)(i), the Government needed to prove Thigpen "engaged in financial transactions with the knowing use of the proceeds of illegal activities" and with the "intent to promote the carrying on" of unlawful activity. See United States v. Jolivet, 224 F.3d 902, 909 (8th Cir. 2000) (quoting § 1956(a)(1)(A)(i)). In general the Government is not required to exclude every reasonable hypothesis of innocence. See id. at 907. Contrary to Thigpen's position, the Government was not required to prove no untainted funds were involved to sustain his conviction. See United States v. Braxtonbrown-Smith, 278 F.3d 1348, 1352-55 (D.C. Cir. 2002) (§ 1956(a)(1) does not require Government to trace illegitimate dollars commingled with legitimate income; such a requirement would allow participants in unlawful activities to prevent their own convictions under the money laundering statute simply by commingling funds derived from both specified unlawful activities and other activities). Accordingly, we affirm.

_____